IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLOTTE SHOCK                                                                    PLAINTIFF

v.                               Civil No. 04-4155

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                             DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Charlotte Shock, the plaintiff in this case, has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claims for a period of disability and disability insurance benefits (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*, and for supplemental security benefits (hereinafter "SSI"), pursuant to *§1602* of Title XVI, *42 U.S.C. §1381a.*

Both parties have filed appeal briefs (Doc. #9 & 10). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g).*

The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted herein, except as is necessary. However, it should be noted that it is readily apparent that additional medical evidence was submitted for consideration by the Appeals Council, after the date of the administrative hearing and the issuance of the ALJ decision (T. 8, 142-144).

Plaintiff whose date of birth is August 11, 1940, was 63 years of age at the time of the

administrative hearing (T. 132, 147-159). In her Social Security Disability Supplemental Interview Outline, Plaintiff indicates that she has a high school education (T. 99). However, Plaintiff, who was not represented at the administrative hearing, did not testify at hearing with reference to her education. In the past, Plaintiff has worked as a clerk, an assembler and a painter (T. 17). Plaintiff, proceeding pro se, listed her date of onset as April 30, 1997 (T. 47). She testified that this is the date she initially injured her back in an automobile accident (T. 148). However, she readily testified that she was employed by her son-in-law as a painter until approximately one and one-half years prior to the October 23, 2003 administrative hearing (T. 148-149). Plaintiff also testified that she chose to take her early social security retirement at age 62 due to her perceived inability to maintain substantial gainful activity (T. 149). The monthly amount of Plaintiff's social security benefit is unknown.

Plaintiff seeks disability benefits and alleges that she suffers from the following impairments: back pain; retroactive diagnosis of scoliosis as a child; loss of lordodic curve; severe arthritic changes related to the 1997 motor vehicle accident; 20 to 25 degree curvature of her lumbar spine, secondary to compression fracture; loss of lordodic curvature of the cervical spine degenerative disc disease; narrowing of C5-6 with bone spur formation; osteopenea of thoracic spine; left leg pain and weakness, resulting in multiple falls; inability to sleep through the night; depression, with crying and desire to stay away from other people; knots formed in her hands, with associated pain and loss of motion; muscle spasms; fatigue; and, numerous functional limitations due to pain.

The Social Security Administration denied plaintiff's applications initially and on reconsideration. She then requested and received a hearing before an Administrative Law Judge

(hereinafter "ALJ"), which hearing was held on October 23, 2003 (T. 147-159). The ALJ rendered an unfavorable decision on December 22, 2003 (T. 14-19). As has been noted, Plaintiff clearly submitted additional evidence to the Appeals Council, and requested review of the hearing decision by that body. Although the appeals counsel considered the additional evidence submitted by Plaintiff, her request for review was denied by the Appeals Council on September 24, 2004 (T. 5-8), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision (Doc. #1, 9). The matter is before the undersigned by consent of the parties (Doc. #4).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000)*. Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)*. In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012*. We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.*

In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)*.

AO72A
(Rev. 8/82)

Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992)*. And, it is well settled that proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan, 981 F.2d 976, 978 (8th Cir.1992)*.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel, 196 F.3d 922, 924 (8th Cir.1999) (citing Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994))*. Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the ALJ's determination was made." *Riley v. Shalala, 18 F.3d at 622*. In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala,* 3 *F.3d 1210, 1213 (8th Cir.1993)*. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. *Flynn v. Chater, 107 F.3d 617, 622 (8th Cir.1997)*. Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala, 47 F.3d 951, 953 (8th*

*Cir. 1995)*.

**Discussion:**

An individual is "disabled" under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*. The burden of establishing a compensable disability under the Act is initially on the claimant. See *Kerns v. Apfel, 160 F.3d 464, 466 (8th Cir.1998); Riley v. Shalala, 18 F.3d at 621 (quoting Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987))*. However, the submission of the additional evidence to the Appeals Council complicates the analysis; thus, this court now turns to that additional evidence.

The administrative record before the undersigned contains medical records and information from the Plaintiff, not previously included in the administrative record (T. 4142-144). This additional evidence indicates treatment of Plaintiff by Dr. Keith Mitchell, not previously considered by the ALJ. Notably, the treatment note in question includes a summary of Plaintiff's impairments not previously provided to the ALJ (T. 142). In addition to the treatment notes of Dr. Mitchell, the evidence submitted to the Appeals Counsel includes written statements from Plaintiff.

When Plaintiff's statement and Dr. Mitchell's opinion and synopsis of Plaintiff's medical condition are read together, it is clear that other records of Dr. Mitchell's treatment of Plaintiff are not included in the administrative record. It appears that the additional evidence submitted to and considered by the Appeals Council was not submitted for consideration until

Plaintiff obtained legal representation. Despite Plaintiff's request for assistance in obtaining legal representation, Plaintiff did not have benefit of legal representation at the administrative hearing (T. 108, 147).

The additional evidence submitted to the Appeals Council consists of the following relevant and material information from Dr. Mitchell:

> This is a 63 yo female [who is a patient] of this clinic that is requesting disability. She has a chronic disabling disability that prevents her from [doing] any work or activity. She has been diagnosed with severe arthritic changes related to an MVA that occurred 12 years ago. She has a 20-25 degree curvature of her lumbar spine secondary to a compression fracture from the accident. This causes chronic pain and discomfort with sitting or standing or moving. She needs permanent disability benefits due to her condition. If there are any further questions regarding this matter, please call the above listed number.

(T. 142).

The ALJ did not have benefit of this information when he rendered his decision wherein he found Plaintiff retained the residual functional capacity to perform medium work. Likewise, Plaintiff's additional statement which explains why she selected a 1987 onset date as well as her understanding of her condition was not available to the ALJ. This additional statement by Plaintiff addresses her use of over the counter medication due to her inability to afford prescription medications (T. 143-144). Although the record before the ALJ alluded to Plaintiff's lack of financial means with which to obtain medical treatment and prescription medication (T. 137, 117), this issue was not addressed by the ALJ within his decision.

Interestingly, we note that the ALJ, in his written decision, found Plaintiff's degenerative disc disease to be her only severe impairment (T. 16). He also relied upon medical records from examining practitioners, rather than treating physicians when finding Plaintiff's

AO72A
(Rev. 8/82)

subjective complaints not credible (T. 16). The ALJ also cites the lack evidence of imposition of work related functional limitations by a treating physician (T. 17). However, in relying on the lack of such evidence, the ALJ was not privy to Dr. Mitchell's opinion or medical treatment notes. Rather, the ALJ relied upon opinions of on nonexamining and consultative agency physicians, which are typically not afforded the same weight as that of a treating physician. *See Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir.1991)*. The ALJ found that Plaintiff's ability to perform medium work activity was not impacted by any nonexertional impairments.

      The undersigned is required to consider whether the knowledge of the additional evidence considered by the Appeals Council would impact the ALJ's decision. We find that the additional evidence would impact upon the analysis within the decision of the ALJ. This evidence belies the ALJ's residual functional capacity finding, which is the antithesis of the treating physician's assessment. Specifically, the evidence of Plaintiff's lack of funds and the 20-25 degree curvature of the lumbar spine secondary to the compression fracture, would likely change the ALJ's finding with respect to three of the ALJ's finidngs: Plaintiff's severe impairments; the impact of Plaintiff's nonexertional impairment of pain; and, Plaintiff's residual functional capacity. Clearly, the radiographic finding of such curvature of the spine, as well as the compression fracture of the vertebrae would impact upon a Plaintiff's functional ability to stand, walk, bend, climb, stoop, squat, kneel, crouch, crawl and operate foot pedals. The ALJ's residual functional capacity finding must be reconsidered in view of the additional record evidence and in view of the contrary functional ability findings of the treating physician.

      In order to find that the plaintiff retains the residual functional capacity to perform medium work, the ALJ would be forced to disregard the opinion of the treating physician (T.

AO72A
(Rev. 8/82)

142). A treating physician's opinion concerning the physical limitations of a claimant is entitled to substantial weight. *Richmond v. Shalala, 23 F.3d 1441, 1443 (8th Cir. 1994)*. The treating physician rule is premised, at least in part, on the notion that the treating physician is usually more familiar with a claimant's medical condition than are other physicians. *Thomas v. Sullivan, 928 F.2d 255, 259 n.3 (8th Cir. 1991); see 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)*.

Upon remand, the Commissioner is encouraged to address the issue of lack of financial means, fully and fairly develop the record to include Plaintiff's treatment records from the relevant time period, and complete the PRT analysis with respect to Plaintiff's alleged mental impairment of depression. A consultative mental examination may also be necessary. Unfortunately, the ALJ failed to even mention Plaintiff's alleged depression or complete the PRT analysis within his decision.

**Conclusion:**

Accordingly, the decision of the ALJ, denying benefits to the plaintiff, is not supported by substantial evidence, and should be reversed. This is especially true in light of the additional evidence submitted to the Appeals Council, which was not before the ALJ when he rendered his decision. This matter should be remanded to the Commissioner, for further consideration consistent with this opinion.

ENTERED this 27th day of December, 2005.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)